**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENDALL OLIN-MARQUEZ,** on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:21-cv-996 |
| v. | : : | JUDGE |
| **ARROW SENIOR LIVING MANAGEMENT, LLC** c/o Patrick T. Wittenbrink 120 S. Central Avenue Suite 1800 St. Louis, MO 63105 | : : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Kendall Olin-Marquez ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Arrow Senior Living Management, LLC ("Arrow" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.     This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II.     THE PARTIES

### Plaintiff

4.     Named Plaintiff is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5.     At all times relevant herein, Named Plaintiff was employed by Defendant as an hourly, non-exempt Care Partner from approximately April 2020 to January 2021 at Defendant's Carriage Court Senior Living facility located at 3570 Heritage Club Dr., Hilliard, Ohio 43026. Defendant paid Named Plaintiff through one of its registered entities Arrow Senior Living Hilliard LLC ("Arrow Hilliard").

6.     Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendant**

7.      Defendant Arrow is a limited liability company formed in the State of Missouri.

8.      Defendant Arrow is an enterprise of assisted living and memory care communities that are all managed by Defendant Arrow.[1]  Specifically, Arrow operates and manages twenty-eight (28) senior living communities across the Midwest, including, thirteen (13) senior living communities in the State of Ohio.[2]

9.      At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions.  At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

10.      At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant Arrow, including Arrow Hilliard, and where Named Plaintiff and other similarly situated employees worked.  At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

---

[1] https://www.arrowseniorliving.com/, last visited 3/9/21.

[2] *See* https://www.arrowseniorliving.com/properties/, last visited March 9, 2021- The Boulevard Senior Living at St. Charles, The Boulevard Senior Living at Wentzville, Carriage Court Senior Living, The Castlewood Senior Living, Cedar Trails Senior Living, Chestnut Hill Senior Living, Fox Run Senior Living, The Fremont Senior Living, Gentry Park Senior Living, Hudson Grande Senior Living, Journey Senior Living of Ankeny, The Kentridge Senior Living, Kingsland Walk Senior Living, The Madison Senior Living, Maple Ridge Senior Living, The Parkway Senior Living, The Princeton Senior Living, The Township Senior Living, Vitalia Active Adult Community Mentor, Vitalia Active Adult Community Montrose, Vitalia Active Adult Community Rockside, Vitalia Active Adult Community Solon, Vitalia Active Adult Community at Stow, Vitalia Active Adult Community at Strongsville, Vitalia Active Adult Community at Westlake, The Westbury Senior Living, and The Wildwood Senior Living.

11.     At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

12.     Upon information and belief, Defendant applies or causes to be applied, substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

13.     At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

14.     Although Arrow may have registered numerous other "entities"[3], those entities operate out of Defendant's corporate office space and under the operation and management of Arrow. Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

15.     Defendant was as an "employer" of employees at all of its locations as defined in, or for the purposes of, the FLSA and the Ohio Acts. Defendant is a single integrated enterprise and/or a joint employer of Named Plaintiff and all other similarly situated employees.

16.     Defendant operates, controls, enterprises, and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce

---

[3] Defendant Arrow's Ohio registered entities include Arrow Senior Living Columbus, LLC, Arrow Senior Living Copley, LLC, Arrow Senior Living Fairborn, LLC, Arrow Senior Living Green LLC, Arrow Senior Living Hilliard LLC, Arrow Senior Living Seven Hills, LLC, Arrow Senior Living Solon, LLC, Arrow Senior Living Stow, LLC, Arrow Senior Living Strongsville LLC, Arrow Senior Living Westlake LLC, and Arrow Senior Living Willoughby, LLC.

by any person. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17.     At all times relevant hereto, Defendant was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     STATEMENT OF FACTS

18.     Defendant employed Named Plaintiff and other similarly situated employees as hourly, non-exempt employees.

19.     Named Plaintiff and other similarly situated employees worked more than 40 hours in one or more workweeks or they were scheduled to work at least 40 hours in one or more workweeks.

20.     During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because: 1) Defendant required a meal deduction be taken, either by having its employees clock in and out for meal breaks, or by deducting a 30-minute meal break from their timesheets, even when Named Plaintiff and other similarly situated employees were unable to take an uninterrupted 30-minute meal break, and 2).Defendant did not properly calculate its employees' regular rate of pay for the purposes of overtime in accordance with the FLSA.

### Meal Breaks

21.     Defendant required Named Plaintiff and other similarly situated employees to have a daily meal break deducted from their hours worked. Defendant generally required clock out of work for a daily 30-minute meal break.

22. However, while clocked out of work for a meal break, Named Plaintiff and other similarly situated employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties.

23. Defendant's facilities were regularly understaffed and Named Plaintiff and other similarly situated employees were too busy with work to take a full, 30-minute meal break.

24. At times when Named Plaintiff and other similarly situated employees were unable to clock out of work for a meal break, Defendant still applied a 30-minute meal break by deducting 30 minutes from their daily hours worked.

25. Consequently, a daily meal break was taken from employees' hours worked regardless of whether Named Plaintiff and other similarly situated employees received an uninterrupted meal break.

**Regular Rate**

26. Defendant pays Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

27. In addition to the Base Hourly Wage, Defendant pay its employees with additional forms of remuneration which should have been included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include, but are not limited to, nondiscretionary retention bonuses which Defendant calls a "sign on bonus," and nondiscretionary bonuses for working extra hours or shifts for which the employee was not scheduled to work (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b); 778.211(c).

28. Defendant paid employees a purported "Sign On Bonus" that was contingent upon remaining employed with Defendant for specified periods of time. For example, Named Plaintiff

was promised a $1,000.00 "Sign On Bonus" which she was eligible to receive in two (2) installments: the first (1st) $500.00 payment was to be made following one-hundred and twenty (120) days of employment and the second (2nd) $500.00 payment was to be made following nine (9) months of employment.

29.     Thus, Defendant's purported "Sign On Bonus" was actually a non-discretionary retention bonus.

30.     Defendant did not include these nondiscretionary retention bonuses when calculating Named Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating their overtime rate of pay, thus resulting in an underpayment of overtime wages to Named Plaintiff and other similarly situated employees. Retention bonuses, like those paid to Named Plaintiff and others similarly situated, are required to be included in Defendant's employees' regular rate of pay calculation according to the United States Department of Labor Fact Sheet #54 Entitled "The Health Care Industry and Calculating Overtime Pay."[4]

31.     In addition, Defendant paid Additional Remuneration for work performed during specific shift(s) and/or day(s).

32.     For example, Named Plaintiff and other similarly situated employees were contacted and promised that if they picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment in an already predetermined amount to induce them to work the extra hours and/or shifts. Shift pick up bonuses are required to be included in Defendant's employees' regular rate of pay calculation according to the United States Department of Labor Fact Sheet #54.[5]

---

[4] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf - See *Example: Retention Bonus* Section (last visited 3/10/21)
[5] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf - See *Example: Supplementary Shift Bonus* Section (last visited 3/10/21)

33.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of 40 hours.

34.     When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay for the purposes of overtime pay because Defendant did not include the Additional Remuneration in the regular rate calculations. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

35.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

36.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

37.     Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

38.     For the three years preceding the filing of the Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt employees, including Named Plaintiff, at all of its locations.

39.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

40.     Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees had a 30-minute meal deduction applied to their daily hours worked, either by having them clock out of work for a meal break or deducting the time from their hours worked, when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

41.     Further, Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rate of pay, as that phrase is defined under the FLSA, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

42.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:  consisting of:

> All current and former hourly, non-exempt employees of Defendant who worked at any Arrow facility who worked at least 40 hours in any workweek and 1) had a meal deduction taken from their compensable hours worked, and/or 2) received nondiscretionary bonus payments, such as a retention bonus[6] or a shift pick up bonus for working extra shifts or hours beyond what the employee was scheduled to work, beginning three years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case. ("FLSA Collective" or the FLSA Collective Members").

---

[6] Retention bonuses are referred to by Defendant as a "Sign On Bonus."

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

44. In addition to the Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policy and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one and one-half times their regular rate of pay, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

45. The identity of the putative FLSA Collective Members is known to Defendant and is readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

46. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and FLSA Collective Members.

## V. RULE 23 ALLEGATIONS

47. Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

All current and former Ohio hourly, non-exempt employees of Defendant who worked at any Arrow facility who worked at least 40 hours in any workweek and 1) had a meal deduction taken from their compensable hours worked, and/or 2) received nondiscretionary bonus payments, such as a retention bonus[7] or a shift pick up bonus for working extra shifts or hours beyond what the employee was scheduled to work, beginning two years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

48.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendant's policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive an uninterrupted meal break and not fully compensating its employees at the proper overtime rate during workweeks when they received Additional Remuneration as described herein.

49.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

50.     Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

51.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

52.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

53.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

---

[7] Retention bonuses are referred to by Defendant as a "Sign On Bonus."

54.     Questions of law and fact are common to the Ohio Rule 23 Class.

55.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

57.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week because of the applied meal break deductions; (b) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received Additional Remuneration; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of

prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

59.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

60.     All of the preceding paragraphs are realleged as if fully rewritten herein.

61.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Collective.

62.     During the relevant time period, Defendant employed the Named Plaintiff and the FLSA Collective Members.

63.     Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

64.     Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks during all times relevant.

65. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

66. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

67. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the FLSA Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

68. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

69. Named Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty (40) hours per workweek during the three years from the filing date of the original Complaint.

70. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, taking a meal break deduction even when its employees did not receive an uninterrupted meal break and failing to *fully* compensate them at one-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because of Defendant's policies and/or practices described herein.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

72.     The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

73.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

## COUNT II
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

76.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

77.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over forty (40) in a workweek in workweeks that they had a meal deduction taken or received Additional Remuneration with their Base Hourly Wage.

79.     Defendant's company-wide corporate policies and/or practices described herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

80.     Named Plaintiff and those similarly situated Ohio employees were not exempt from the wage protections of Ohio Law.

81.     Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them one-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because of Defendant's meal deduction policy and/or practice and because Defendant did not properly calculate its employees' overtime rate when the employees received Additional Remuneration as described herein.

82.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

83.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

84.     For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohio employees have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohio employees seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### COUNT III
### R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

85.     All of the preceding paragraphs are realleged as if fully rewritten herein.

86.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

87.     During relevant times, Defendant was an entity covered by the OPPA, and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

88.     The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

89.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one-and-one-half times their regular rate of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

90.     The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

91.     The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

92.     In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VII.     <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Rule 23 Class under the Ohio Acts;

D.       Finding Defendant failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.       Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.       Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.       Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H.       Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I.       Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J.       Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K.       Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L.　　Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

M.　　An Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

N.　　Such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
　　　agedling@mcoffmanlegal.com
　　　khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman