IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KENDALL OLIN-MARQUEZ, et al.,** on behalf of themselves and others similarly situated, | Case No. 2:21-CV-00996 |
| | Judge Edmund A. Sargus |
| Plaintiffs, | Magistrate Judge Chelsey M. Vascura |
| vs. | |
| **ARROW SENIOR LIVING MANAGEMENT, LLC,** | **ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL** |
| Defendant. | |

Representative Plaintiffs Kendall Olin-Marquez, Deborah Roberts, and Jadan Cook (the "Representative Plaintiffs") and Defendant Arrow Senior Living Management, LLC ("Defendant") have moved the Court, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and Rule 23(e) of the Federal Rules of Civil Procedure, for entry of an Order as follows:

(a) finally approving the FLSA Class settlement, as described in the FLSA Collective Action and Rule 23 Class Action Settlement Agreement (the "Settlement" or "Agreement");

(b) preliminarily approving the Rule 23 Class settlement, as described in the Agreement;

(c) conditionally certifying a settlement class under Fed. R. Civ. P. 23 for purposes of proceeding in connection with the final approval of the Agreement;

(d) approving the form of the Notice of Collective Action Settlement and the Notice of Class Action Settlement and directing the manner of delivery thereof;

(e) approving Matthew J.P. Coffman of Coffman Legal LLC and Shannon M. Draher of Nilges Draher LLC as Class Counsel;

(f) approving the Representative Plaintiffs as collective and class representatives; and

(g) scheduling a hearing to consider the fairness of the Rule 23 Class settlement pursuant to Fed. R. Civ. P. 23 and *Lynn 's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982).

Having reviewed the Agreement, as well as the Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement ("Motion for Approval"), the Declaration of Matthew J.P. Coffman appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting approval of the FLSA Settlement, granting preliminary approval of the Rule 23 Class Action Settlement, and approving the Notice of Collective Action Settlement and the Notice of Class Action Settlement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On March 10, 2021, Representative Plaintiff Kendall Olin-Marquez commenced a lawsuit against Defendant on behalf of herself and all others similarly situated to her asserting wage and hour claims under the Fair Labor Standards Act ("FLSA") and Ohio law (the "Ohio Action").

3. On November 21, 2021, Representative Plaintiffs Deborah Roberts and Jadan Cook commenced a lawsuit against Defendant on behalf of themselves and all others similarly situated to them asserting wage and hour claims under the FLSA and Missouri law (the "Missouri Action).

4. The Parties agreed to conditionally certify the putative collective defined below in the Ohio Action and the Missouri Action pursuant to 29 U.S.C. § 216(b).

> All current and former hourly, non-exempt employees at any Arrow senior living community who (1) were paid for forty (40) or

      more work hours in any workweek they were required to have a meal break deduction taken from their compensable hours worked and/or (2) were paid for more than forty (40) hours work hours in any workweek that they received nondiscretionary bonus payments, such as a retention bonus (often called a "Sign On Bonus") or a shift pick-up bonus, for working extra shifts or hours beyond what the employee was scheduled to work from June 7, 2018 to the present.

      5.      On February 10, 2022, the United States District Court for the Southern District of Ohio, Eastern Division, issued an Order granting conditional certification and approving notice and consent as proposed by the Parties. Thereafter, Plaintiffs' Counsel issued notice and consent forms to members of the putative collective action members above. Following the issuance of notice, 293 putative collective members returned a timely consent to join form

      6.      On January 26, 2022, the United States District Court for the Eastern District of Missouri, Eastern Division issued an Order granting conditional certification and approving notice and consent as proposed by the parties. Thereafter, Plaintiffs' Counsel issued notice and consent forms to members of the putative collective members defined above. Following the issuance of notice, 293 putative collective members returned a timely consent to join form.

      7.      To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation with a third-party neutral. Plaintiffs' Counsel engaged the services of Employstats to construct a damages model using information produced by Defendant. The Parties mediated this case with Jason Bristol on two separate occasions – September 29, 2021, and July 28, 2022. The Parties reached an agreement at the July 28, 2022.

      8.      For the purposes of settlement, the Missouri Action was transferred to this Honorable Court and consolidated with this case.

9. The Settlement Agreement resolves the individual and collective claims of the Representative Plaintiffs, the Opt-In Plaintiffs and the Rule 23 Class Members (as defined in the Agreement) pursuant to the FLSA and any and all applicable state and local wage and overtime laws, regulations, and ordinances, and provides classwide relief and distribution of funds pursuant to Rule 23. The Agreement is subject to approval by the Court pursuant to the FLSA and <u>Fed. R. Civ. P. 23(e)</u>.

10. The issues in this case were contested.  The Agreement was achieved after arms-length and good faith negotiations between the Parties and their Counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

11. The Settlement Agreement is hereby **APPROVED** as to the Representative Plaintiffs and the Opt-In Plaintiffs as provided in the Agreement and **PRELIMINARILY APPROVED** as to the Rule 23 Class Members' claims as provided in the Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate, and as to being the product of serious, informed, and extensive arm's length negotiations between the Parties.  In making these findings, the Court considered the nature of the claims, the relative strength of the claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the Agreement was entered into in good faith.

12. As to the Class Representatives and the Rule 23 Class Members they represent, the Court finds that the proposed settlement class qualifies for provisional certification under Rules 23(a) and 23(b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s

requirements of predominance and superiority. The Representative Plaintiffs are adequate representatives of the Rule 23 Class because they are members of the Class, and they possess the same interests and suffered the same alleged injuries as other Rule 23 Class Members. The definition of the Rule 23 Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Rule 23 Class Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the Parties' Agreement is fair, reasonable and adequate as to the Class.

13. Therefore, the Court provisionally certifies the Rule 23 Class pursuant to Rule 23(a) and (b)(3).

14. The Court approves Kendall Olin-Marquez, Deborah Roberts, and Jadan Cook as the Class Representatives, and appoints as class counsel, Matthew J.P. Coffman of Coffman Legal LLC and Shannon M. Draher of Nilges Draher LLC.

15. The Court provisionally approves the Service Awards for Representative Plaintiffs in recognition of their services in this Action.

16. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

17. The Court approves the proposed Notice of Settlement of Collective Action Lawsuit and the Notice of Class Action Settlement as to substance, form, and manner of distribution, and orders that it be distributed to Opt-In Plaintiffs and the Rul3 23 Class Members in the manner described in the Agreement.

18. The Court directs that the Rule 23 Class Members be given notice of the pendency of this Action, the proposed Agreement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed Agreement will be considered.

19. The Fairness Hearing will be held on **February 28** at **10 AM**. Rule 23 Class Members objecting to the Settlement Agreement must timely file objections in the time and the manner set forth in the Notice of Class Action Settlement.

20. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Notice of Class Action Settlement was distributed to the Rule 23 Class Members in the form and manner approved herein.

21. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than fourteen (14) days prior to the Fairness Hearing.

22. The Court orders that, pending Final Approval, Rule 23 Class Members are preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Agreement.

IT IS SO ORDERED


**11/30/2022**            s/Edmund A. Sargus, Jr.
**DATE**            EDMUND A. SARGUS, JR.
         UNITED STATES DISTRICT JUDGE