IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KENDALL OLIN-MARQUEZ, et al.,** on behalf of themselves and others similarly situated, | Case No. 2:21-CV-00996 |
| | Judge Edmund A. Sargus |
| Plaintiffs, | Magistrate Judge Chelsey M. Vascura |
| vs. | **JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| **ARROW SENIOR LIVING MANAGEMENT, LLC,** | |
| Defendant. | |

## I. INTRODUCTION

Representative Plaintiffs Kendall Olin-Marquez, Deborah Roberts and Jadan Cook ("Representative Plaintiffs"), on behalf of themselves and the members of the proposed settlement class ("Class Members"), and Arrow Senior Living Management, LLC ("Defendant"), respectfully move this Court to grant final approval of the Class Action Settlement Agreement and Release (the "Agreement") between Representative Plaintiffs and Defendant pursuant to Fed. R. Civ. P. 23(e).

Notice of the proposed Settlement in this case has been sent to the Class Members and this Settlement is ripe for final approval. Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for February 28, 2023, the Court enter an Order:

1. Granting final approval of the Agreement, including distribution of the Global Settlement Fund and release of the Released State Law Claims and Released Federal Law Claims in accordance with the terms of the Agreement;[1]

2. Granting final approval of a payment to Class Counsel of $141,666.67 in attorney's fees (representing one-third of the Global Settlement Fund) and $29,384.98 in litigation expenses;

---

[1] Unless otherwise defined, all terms used in this Joint Motion for Final Approval of Class Action Settlement have the same meanings as defined in the previously filed Agreement [ECF #93-1].

    3.    Granting final approval of Service Awards to Representative Plaintiffs in the collective amount of $17,500; and

    4.    Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are as follows:

## II.    RELEVANT PROCEDURAL HISTORY

On March 10, 2021, Representative Plaintiff Kendall Olin-Marquez commenced a lawsuit against Defendant on behalf of herself and all others similarly situated to her asserting wage and hour claims under the Fair Labor Standards Act ("FLSA") and Ohio law (the "Ohio Action"). On November 21, 2021, Representative Plaintiffs Deborah Roberts and Jadan Cook commenced a lawsuit against Defendant on behalf of themselves and all others similarly situated to them asserting wage and hour claims under the FLSA and Missouri law (the "Missouri Action). (ECF No. 93-4 ¶ 15).

In the Ohio and Missouri Actions, Representative Plaintiffs alleged: (1) that Defendant failed to include certain nondiscretionary bonus payments in their regular rate of pay for purposes of computing their overtime compensation, which resulted in unpaid overtime compensation and (2) that Plaintiffs (which include the Representative Plaintiffs, the Opt-In Plaintiffs and the Rule 23 Class Members are those terms are defined in the Agreement) worked during their unpaid meal breaks, which resulted in unpaid overtime compensation. (*Id.* at ¶ 16).

The Parties agreed to conditionally certify the putative collective defined below in the Ohio Action and the Missouri Action pursuant to 29 U.S.C. § 216(b).

> All current and former hourly, non-exempt employees at any Arrow senior living community who (1) were paid for forty (40) or more work hours in any workweek they were required to have a meal break deduction taken from their compensable hours worked and/or (2) were paid for more

> than forty (40) hours work hours in any workweek that they received nondiscretionary bonus payments, such as a retention bonus (often called a "Sign On Bonus") or a shift pick-up bonus, for working extra shifts or hours beyond what the employee was scheduled to work from June 7, 2018 to the present.

(*Id.* at ¶ 17). Defendant has consistently denied any wrongdoing and has maintained that it paid its employees properly.

On February 10, 2022, the United States District Court for the Southern District of Ohio, Eastern Division, issued an Order granting conditional certification and approving notice and consent as proposed by the Parties. Thereafter, Class Counsel issued notice and consent forms to members of the putative collective action members above. Following the issuance of notice, 293 putative collective members returned a timely consent to join form. (*Id*. at ¶ 18).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation with a third-party neutral. Class Counsel engaged the services of an analyst to construct a damages model using information produced by Defendant. The Parties mediated this case with Jason Brisol on two separate occasions – September 29, 2021, and July 28, 2022. The Parties reached an agreement at the July 28, 2022, mediation. (*Id.* at ¶ 20). [2]

On August 2, 2022, the Parties jointly moved the United States District Court for the Eastern District of Missouri, Eastern Division to transfer the Missouri Action to Ohio. On September 12, 2022, the Parties filed a joint motion to consolidate the Ohio Action and the Missouri Action for purposes of settlement. On September 15, 2022, the United States District Court for the Southern District of Ohio granted the joint motion to consolidate. (*Id.* at ¶ 21).

---

[2] Prior to the settlement of this case, Defendant's Counsel informed Class Counsel that, while it maintains that it paid its employees properly, in an abundance of caution it revised its regular rate of pay calculations to include certain bonus payments in such computations.

3

On November 28, 2022, the Parties filed a Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement. (ECF No. 93). On November 30, 2022, the Court entered an Order granting final approval of the FLSA Settlement and preliminary approval of the Class Action Settlement. (ECF No. 94). In that Order, the Court scheduled a Fairness Hearing for February 28, 2023, at 10:00 a.m. (*Id.*).

The Parties engaged Analytics Consulting, LLC as the Settlement Administrator. (*See* Declaration of Jeffrey J. Mitchell (hereinafter "Mitchell Dec.") attached as **Exhibit 2**, at ¶ 5). The Settlement Administrator received a list containing the names and last-known mailing addresses for 863 Class Members. (*Id.* at ¶ 7). On January 13, 2023, Analytics mailed by first-class mail the Court-approved "Notice of Class Action Settlement" to all Class Members. (*Id.* at ¶ 8). A total of 108 notices were returned as undeliverable. The Settlement Administrator was able to trace and re-mail notices to 92 of those class members. (*Id.* at ¶ 10).

The Notice gave Class Members until February 13, 2023, to object to or opt out of the Settlement. Two Class Members has request to be excluded from the Settlement. (*Id.* at ¶ 11). No Class Member has filed any objection to the Settlement. (*Id.* at ¶ 12). Having completed the notice process, the Parties now move this Court for final approval of the Class Action Settlement pursuant to Fed. R. Civ. P. 23(e).

### III. LAW AND ANALYSIS

#### A. The Standard for Approval of a Class Action Settlement.

A class action settlement may be approved if a Court finds it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). When determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties;

4

(4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992).

  **B.** **The Standard for Final Approval of a Class Action Has Been Met.**

In the Parties' Joint Motion for Preliminary Approval, filed on November 28, 2022, the Parties analyzed the Settlement in this case under each of the relevant factors. (See ECF. No. 93). The arguments set forth in the Motion for Preliminary Approval also apply here and demonstrate why the Class Action Settlement should be granted final approved.

In addition, the results of the notice process weigh strongly in favor of approval. Out of 863 notices that were mailed, no class members objected to the Settlement. This factor weighs strongly in favor of approval.

In sum, the Class Action Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Class Action Settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

  **C.** **The Court Should Approve the Payment of Attorneys' Fees and Costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of $141,666.67, representing one-third of the settlement fund. As noted in the Joint Motion for Preliminary Approval, a one-third fee is "typical for attorney's fees in a common fund" for wage

5

and hour litigation in this District. *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, at *4-8 (S.D. Ohio Sept. 20, 2019); see also, *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018) ("courts have almost uniformly awarded attorney's fees that constituted one-third of the fund" in wage-and-hour cases). Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case.

Class Counsel also requests that the Court approve reimbursement of $29,384.98 in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *32 (S.D. Ohio Sep. 25, 2020) ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

**D.      The Court Should Approve the Service Awards for Representative Plaintiffs.**

Finally, the Parties request that the Court approve a payment in the collective amount of $17,500 to Representative Plaintiffs. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010). Representative Plaintiffs contributed significant time, effort, and detailed factual information enabling Class Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Plaintiffs provided supports the requested service payments.

IV. **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Class Action Settlement Agreement and Release;

2. Granting final approval of a payment to Class Counsel of $141,666.67 in attorney's fees (representing one-third of the Global Settlement Fund) and $29,384.98 in litigation expenses;

3. Granting final approval of Service Awards to Representative Plaintiffs in the collective amount of $17,500; and

4. Dismissing this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| /s/ Shannon M. Draher | |
| Shannon M. Draher (0074304) | /s/ Rebecca J. Bennett (with permission) |
| 7034 Braucher St NW, Suite B | Rebecca J. Bennett (OH 0069566) |
| North Canton, OH 44720 | Key Tower |
| Telephone: (330) 470-4418 | 127 Public Square, Suite 4100 |
| Facsimile: (330) 754-1430 | Cleveland, OH 44114 |
| Email: sdraher@ohlaborlaw.com | Telephone: (216) 241-6100 |
| | Facsimile: (216) 357-4733 |
| Matthew J.P. Coffman (0085586) | Email: rebecca.bennett@ogletree.com |
| COFFMAN LEGAL, LLC | |
| 1550 Old Henderson Road, Suite 126 | *Counsel for Defendant* |
| Columbus, OH 43220 | |
| Telephone: (614) 949-1181 | |
| Facsimile: (614) 386-9964 | |
| Email: mcoffman@coffmanlegal.com | |

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*

*Counsel for Plaintiffs*