**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **KENDALL OLIN-MARQUEZ, on behalf of herself and others similarly situated,** | ) ) ) | Case No. 2:21-CV-996 |
| | ) ) | Judge Edmund A. Sargus |
| Plaintiffs, | ) ) | Magistrate Judge Chelsey M. Vascura |
| vs. | ) ) ) | |
| **ARROW SENIOR LIVING MANAGEMENT, LLC,** | ) ) ) | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)** |
| Defendant. | ) | |

Representative Plaintiffs Kendall Olin-Marquez, Deborah Roberts, and Jadan Cook ("Representative Plaintiffs") and Defendant Arrow Senior Living Management, LLC ("Defendant") have moved the Court for final approval of the Settlement of the Class Action claims pursuant to Fed. R. Civ. P. 23(e). This Court granted approval of the parties' FLSA Collective Action Settlement Agreement on November 30, 2022 (ECF No. 94).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for final approval, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the Parties' Ohio law Class Action Settlement Agreement as follows:

1.      On March 10, 2021, Representative Plaintiff Kendall Olin-Marquez commenced a lawsuit against Defendant on behalf of herself and all others similarly situated to her asserting wage and hour claims under the Fair Labor Standards Act ("FLSA") and Ohio law (the "Ohio Action"). On November 21, 2021, Representative Plaintiffs Deborah Roberts and Jadan Cook commenced a lawsuit against Defendant on behalf of themselves and all others similarly situated

to them asserting wage and hour claims under the FLSA and Missouri law (the "Missouri Action).

2.　　　In the Ohio and Missouri Actions, Representative Plaintiffs alleged: (1) that Defendant failed to include certain nondiscretionary bonus payments in their regular rate of pay for purposes of computing their overtime compensation, which resulted in unpaid overtime compensation and (2) that Plaintiffs (which include the Representative Plaintiffs, the Opt-In Plaintiffs and the Rule 23 Class Members are those terms are defined in the Agreement) worked during their unpaid meal breaks, which resulted in unpaid overtime compensation.

3.　　　The Parties agreed to conditionally certify the putative collective defined below in the Ohio Action and the Missouri Action pursuant to 29 U.S.C. § 216(b).

> All current and former hourly, non-exempt employees at any Arrow senior living community who (1) were paid for forty (40) or more work hours in any workweek they were required to have a meal break deduction taken from their compensable hours worked and/or (2) were paid for more than forty (40) hours work hours in any workweek that they received nondiscretionary bonus payments, such as a retention bonus (often called a "Sign On Bonus") or a shift pick-up bonus, for working extra shifts or hours beyond what the employee was scheduled to work from June 7, 2018 to the present.

4.　　　Defendant has consistently denied any wrongdoing and has maintained that it paid its employees properly.

5.　　　On February 10, 2022, the United States District Court for the Southern District of Ohio, Eastern Division, issued an Order granting conditional certification and approving notice and consent as proposed by the Parties. Thereafter, Class Counsel issued notice and consent forms to members of the putative collective action members above. Following the issuance of notice, 293 putative collective members returned a timely consent to join form.

2

6.      To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation with a third-party neutral.  Class Counsel engaged the services of an analyst to construct a damages model using information produced by Defendant.  The Parties mediated this case with Jason Brisol on two separate occasions – September 29, 2021, and July 28, 2022. The Parties reached an agreement at the July 28, 2022, mediation.

7.      On August 2, 2022, the Parties jointly moved the United States District Court for the Eastern District of Missouri, Eastern Division to transfer the Missouri Action to Ohio.  On September 12, 2022, the Parties filed a joint motion to consolidate the Ohio Action and the Missouri Action for purposes of settlement.  On September 15, 2022, the United States District Court for the Southern District of Ohio granted the joint motion to consolidate.

8.      The Parties jointly moved this Court for preliminary approval of the Class Settlement on November 28, 2022. (ECF No. 93).  This Court granted final approval of the FLSA settlement and preliminary approval of the Ohio law Class Action Settlement on November 30, 2022 and ordered that Notice of Class Action Settlement be distributed to the members of the class. (ECF No. 94).

9.      The Parties have filed a Declaration from the Settlement Administrator verifying that notices were distributed in the form and manner approved by the Court. The Notice gave Class Members until February 13, 2023, to object to or opt out of the Settlement. Two (2) Class Members have requested to be excluded from the Settlement.  No Class Member has filed any objection to the Settlement.

10.     The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as ordered

by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Civ. R. 23 and due process.

11.     The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiffs are adequate representatives of the Class in that he is a member of the Class and possesses the same interests and suffered the same injuries as the other Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

12.     The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions.

13.     The Court therefore orders that the Global Settlement Fund in the amount of Four Hundred Twenty-Five Thousand Dollars ($425,000,000) be paid by Defendant and distributed to Class Members in the manner described in the parties' Settlement Agreement.  The total settlement payment, after deduction of the service award to Representative Plaintiffs, attorneys' fees, and litigation reimbursements to Plaintiffs' Counsel, is to be distributed to the Representative Plaintiffs and members of the Class, which are calculated proportionally based on each Class Member's alleged overtime damages.

14.     The Court approves the Service Award to Representative Plaintiffs, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

15.     The Court approves the payment of attorneys' fees and costs, and settlement administration costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement.

16.     Representative Plaintiffs and the Class Members release claims against Defendant as provided in the Settlement Agreement.

17.     The Court dismisses this action with prejudice. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

**IT IS SO ORDERED this 7<u>th</u> day of <u>March</u>, 2023.**

s/Edmund A. Sargus, Jr.
_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**